IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOHAMED KAMASH and ) | |
| TAMER KAMASH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-695-WKW |
| ) | [WO] |
| UNDERWRITERS AT LLOYD'S, ) | |
| LONDON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 8), filed by Defendant Underwriters at Lloyd's, London. (Doc. # 8.) Plaintiffs have not responded to the motion. (*See* Doc. # 10 (Order setting a response deadline).)

In this action alleging breach of contract under a third-party beneficiary theory, Plaintiffs bear "the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Defendant raises a facial attack to the existence of subject-matter jurisdiction; therefore, the issue is whether the Complaint "sufficiently allege[s] a basis of

subject matter jurisdiction." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

The Complaint does not allege under what statute subject-matter jurisdiction rests; however, given that the Complaint asserts a breach-of-contract claim and fails to plead a federal question, it is presumed that Plaintiffs filed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists when complete diversity of citizenship exists between the adverse parties and the amount in controversy exceeds $75,000. § 1332(a). "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam), *abrogated on other grounds* by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In *Osting-Schwinn*, the Eleventh Circuit explained that "Lloyd's itself does not insure any risk. Individual underwriters, known as 'names' or 'members,' assume the risk of the insurance loss," and "[n]ames underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy." 613 F.3d at 1083. The Eleventh Circuit held that, based upon this unique structure, Lloyd's syndicates are "unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction." *Id.* at 1088.

Defendant contends that neither of § 1332(a)'s requirements is satisfied. First, relying on *Osting-Schwinn*, Defendant contends that it is considered an unincorporated citizen for purposes of diversity jurisdiction and that the Complaint "does not disclose the citizenship of each member that has an interest in the Policy at issue." (Doc. # 8, at 2.) It further argues that establishing its citizenship "would be unworkable given the holding of the Eleventh Circuit . . . requiring the disclosure of each member that may have an interest in the insurance policy in question." (Doc. # 8, at 2.) Second, Defendant asserts that the Complaint does not establish the requisite amount in controversy because it states only that "damages are in 'excess of $50,000,'" which is below the $75,000 threshold required by § 1332(a). (Doc. # 8, at 3 (quoting Compl. ¶ 7).)

The Complaint suggests that Plaintiffs are citizens of Alabama but does not provide any factual allegations divulging Defendant's citizenship. It fails to allege the citizenship of each name that subscribes to the policy at issue, and that failure is fatal to an assertion of diversity jurisdiction under the holding of *Osting-Schwinn*. As one district court aptly recognized, "[h]undreds of names may be members of a given syndicate," and "if an [Alabama] citizen is one of the names participating in any of the syndicates participating" in the relevant policy, "diversity is destroyed." *Shurr v. A.R. Siegler, Inc.*, 70 F. Supp. 2d 900, 909 (E.D. Wis. 1999). With no allegations revealing the citizenship of any, much less all, of

the members' citizenship, Plaintiffs have not shown that subject-matter jurisdiction is proper under § 1332(a).  Moreover, Plaintiffs, who have not responded to Defendant's motion, have not suggested that a cure exists for the absence of allegations establishing subject-matter jurisdiction.[1]  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Osting-Schwinn*, 613 F.3d at 1092.  Accordingly, dismissal under Rule 12(b)(1) is required.

Based upon the foregoing, it is ORDERED that Defendant's Rule 12(b)(1) motion to dismiss is GRANTED, and that this action is DISMISSED without prejudice.

DONE this 14th day of October, 2014.

                                                                /s/ W. Keith Watkins
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because the absence of allegations establishing complete diversity of the parties is dispositive, Defendant's argument with respect to the amount in controversy need not be addressed.